## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA ORLANDO DIVISION

L.R.,
      Plaintiff,
vs.

CIGNA HEALTH AND LIFE INSURANCE COMPANY
      Defendant,
_____/

## COMPLAINT

COMES NOW, Plaintiff, L.R. (hereinafter "Plan Beneficiary and/or "Insured"), through her undersigned counsel, and sues Defendant, CIGNA HEALTH AND LIFE INSURANCE COMPANY (hereinafter "Cigna"), and alleges:

### NATURE OF ACTION, PARTIES, JURISDICTION, AND VENUE

1. This is a civil action arising under the laws of the United States, specifically the Employment Retirement Income Security Act of 1974, Title 29, United States Code Sections 1000-1461 ("ERISA"), for Defendant's wrongful denial of Plaintiff's health insurance benefits, for damages, attorney's fees and costs, and for other relief within the subject matter jurisdiction of this Court.

2. This is an action that involves parties and property located within the venue of this Court, and venue is otherwise proper pursuant to 28 U.S. Code § 1391.

3. At all times material hereto, the Plan Beneficiary was a citizen and is and was individual residing in Orange County, Florida and is *sui juris*.

4. At all times material hereto, the Defendant, "CIGNA", is and was a health insurance company authorized to, and doing business in the state of Florida and providing health insurance coverage and plan and claims administration services to Florida residents, including Plaintiff.

5. A substantial part of the events or omissions giving rise to the claim occurred in Orange County, Florida.

6. At all times material hereto, the Defendant "CIGNA", administered health benefits and related services to Plaintiff in the State of Florida, and is subject to the jurisdiction of this Court.

7. At all times material hereto, "CIGNA" insured and administered employer health benefits, and administered health insurance claims for Plaintiff in the State of Florida and more specifically in Orange County, Florida.

8. At all times material hereto, BRAMBLES USA, INC., (hereinafter "BRAMBLES"), is and was a self-funded employer that sponsored a health insurance plan of which Plaintiff is and was beneficiary. BRAMBLES employed more than 100 employees at all relevant times.

9. At all times material hereto, the Defendant "CIGNA" was a claims administrator for "BRAMBLES." BRAMBLES delegated to Cigna all the discretionary authority to interpret and apply plan terms and to make factual determinations in connection with its review of claims under the plan.

10. Under the terms of the Plan administered by Defendant, "CIGNA", patients who are covered under plans that Defendant administers, like Plaintiff, are entitled to payment for medically necessary health benefits.

11. This Court possess original jurisdiction pursuant to Title 29, United States Code, Section 1132(e), and Title 28, United States Code, Section 1331.

12. Venue is proper in the Middle District Court of Florida pursuant to Title 29, United States Code, Section 1132(e), and Title 28, United STATES Code, Section 1391(b) since the facts and circumstances (*e.g.,* claim denial and payment of health benefits) giving rise to this cause of action transpired (in whole or in part) in Orange County, Florida and (2) Defendant's conduct a substantial amount of business in this district and in Orange County, Florida.

13. All conditions precedent to the institution of this action (e.g., administrative pre-suit appeals) have occurred, been performed, been waived, or were futile.

### GENERAL ALLEGATIONS

14. At all material times, the Plan Beneficiary was covered by the health insurance plan sponsored and self-funded by her employer, BRAMBLES. A copy of the Plan document is attached hereto as **Exhibit A.**

15. "CIGNA" was the claims administrator for BLAMBLES. BRAMBLES delegated to Cigna all the discretionary authority to interpret and apply plan terms and to make factual determinations in connection with its review of claims under the plan.



16.     At all material times, the Plan Beneficiary L.R., required mental health services. She was treated for the same symptoms in early 2007, she relapsed in 2009, and the behavior came back in 2019. The Plan Beneficiary had to leave her job in 2019 due to her mental condition, remained unemployed since October 2019, and on June 21, 2021, she was required to start treatment again.

17.     The highest level of treatment, for residential services, started on or about June 21, 2021, when L.R. presented to Pasadena Villa in Orlando for mental health services. The Admission Period was from approximately June 21, 2021, to August 31, 2021.

18.     Mental Health services are covered benefits under the Plan. Nevertheless, "CIGNA" denied payment of the claims arguing that the medical necessity requirement was not met for continued stay at Partial Hospital Behavioral Health Level of Care.

19.     In approximately October 2021, "CIGNA" denied benefits requested by the Plan Beneficiary and the Plan beneficiary's treating providers, that was the "First Denial Letter".

20.     In approximately November 2021, the Plan Beneficiary appealed to that "First Denial Letter" arguing that the denial benefits and services were medically necessary and covered according to the terms of the Policy.

21.     By letter dated January 21, 2022, "CIGNA," through its Agent, Evernorth Behavioral Health, Inc. ("Evernorth"), upheld its decision and denied the coverage of the medical benefits and services of the Plan Beneficiary for a second time. ("The Second Denial Letter"). The Second Denial Letter stated in relevant part:

*Based upon my review of the available clinical information received initially and whit this appeal and the MCG Behavioral Health Guidelines, medical necessity was not met for continued stay at Partial Hospital Behavioral Health Level of Care, Adult, ORG: B-901-PHP from 7/29/2021/ forward. You had not recently demonstrate impairments in functioning of such severity as a result of a mental health disorder that you required that you required the intensity level of treatment intervention and monitoring of a Partial Hospital Behavioral Health Level of Care Adult. Although you still had symptoms, your condition had stabilized adequately so that you could be treated safely and effectively in an available less restrictive level of care. You had not developed new symptoms requiring this*

*intensity of service. Less restrictive levels of care were available for your safe and effective treatment. See* Exhibit B.

22. As a result of the Second Denial Letter, the Plan Beneficiary through the undersigned counsel, filed a Second Level Appeal to Evernorth Behavioral Health Inc., on April 7, 2022. The Second Level Appeal provided additional information, plan provisions, medical records, coverage guidelines, and billing information evidencing that the mental services were required and medically necessary by the Plan Beneficiary.

23. As of today, "CIGNA" has not replied the Second Level Appeal. By a letter dated August 17, 2022, the Plan Beneficiary by her undersigned counsel sent a Request for Decision letter to Evernorth as agent for "CIGNA" and no answer was given. "CIGNA" was required by the policy to notify the Plan Beneficiary of the Second Level Appeal decision within sixty (60) days after receiving the appeal.

24. The Second Level Appeal response was due on June 7, 2022. Evernorth as agent of "CIGNA" and therefore "CIGNA" are in violation of the Policy provisions, and in consequence the administrative process has deemed exhausted, and this legal action has been initiated.

25. By virtue of multiple violations, wrongful denials of mental health benefits and services, and the lack of response of the Second Level appeal, Plaintiff has been forced to retain the services of the undersigned counsel and has agreed to pay said attorney a reasonable fee for her services.

## COUNT I
## VIOLATION OF §502 (a) of ERISA AGAINST DEFENDANT

26. Plaintiff re-adopts and re-alleges and incorporates by reference paragraphs 1- thorugh 25 as if fully set forth herein.

27. Plaintiff is a Plan Beneficiary under §502 (a) ERISA.

28. As a Plan Beneficiary under §502 (a) ERISA, Plaintiff is entitled to recover benefits under the terms of the plan administered by Defendant, its agents, and employees, under which she is covered.

29. As a Plan Beneficiary under §502 (a) ERISA, Plaintiff is entitled to clarification of her rights to benefits under the terms of the Plan administered by Defendant, its agents, and employees, under which she is covered.



30. The terms of the health benefit plan at issue in this action obligates Defendant, its agents, and employees, to make payment to Plaintiff for covered services in accordance with the Policy in the Section "Open Access Plus Medical Benefits", Benefits Highlights: Mental health, section found on pages 29 and 30. Furthermore, in accordance with the following language quoted from the Policy page 34:

*"Mental Health Services are services that required to trat a disorder that impairs the behavior, emotional reaction or thought processes(…)" " Inpatient Mental Health Services are Services provided by a hospital while you or your Dependent is Confined in a Hospital for the treatment and evaluation of Mental Health. Impatient Mental Health Services include Mental Health Residential Treatment Services."*

*"Mental Health Residential Treatment Center means an institution which specializes in the treatment of psychological and social disturbances that are the result of Mental Health conditions; provides a subacute, structured, psychotherapeutic treatment program, under the supervision of physicians; provides 24-hour care, in which a person lives in an open setting."* See pg. 34. Exhibit A

31. Defendant, its agents, and employees, failed to make full payments of benefits to Plaintiff although she had a condition for which she sought services covered under the policy, in violation of ERISA.

32. Defendant, its agents, and employees, failed to provide Plaintiff with all rights she is entitled to under the terms of the Plan administered by Defendant, under which she is covered, in violation of ERISA.

33. Defendant, its agents, and employees, failed to make clear to Plaintiff all rights she is entitled to under the terms of the Plan administered by Defendant, under which she is covered in violation of ERISA.

34. Defendant, its agents, and employees, further violated ERISA by interpreting and implementing ERISA plan terms in a way systematically arbitrary and capricious, and failed to provide a benefit determination and appeal process, that provides for a full and meaningful review of benefit claims and determinations

35. As a direct and proximate cause of the Defendant's and Defendant's agents and employees' violations of ERISA, Plaintiff has suffered damages.

36. Plaintiff is entitled to monetary damages and/or restitution from Defendant. In particular, and not by way of limitation, Defendant is liable to Plaintiff for unpaid benefits, interests, attorneys' fees, and other penalties as this Court deems just and proper, under ERISA §502(a)(1)(B), 29 U.S.C. §1132(A)(1)(B).

37. In addition, Plaintiff seeks counsel fees, costs, prejudgment interest and other appropriate equitable relief, Defendant's violation of ERISA.

## COUNT II
## VIOLATION OF THE MENTAL HEALTH PARITY AND ADDICTION EQUITY ACT (MHPAEA)

39. The MHPAEA is a federal law that prevents group health plans and health insurance issuers that provide mental health or substance use disorder benefits from imposing less favorable benefit limitations on those benefits that on medical/surgical benefits.

40. The denial of services and benefits of the Plan Beneficiary is in direct violation of the MHPAEA because CIGNA's coverage guidelines and procedures are more restrictive for the mental health services provided to the Plan Beneficiary as opposed to medical services.

41. The Plan Beneficiary has evidenced the need of her mental health treatment many times through the medical records, furthermore, the provider has shown the necessity of the treatment, but CIGNA keeps denying the coverage under unjustified basis.

42. Additionally, the Affordable Care Act, created additional requirements on MHPAEA now requiring coverage of mental health and substance use disorder services as one of the ten essentials health benefit categories.

43. The mental health services and benefits provided by Pasadena Villa in Orlando, Florida, should have been covered and paid by the Plan Beneficiary's Policy, without restrictions or conditions.

44. The denial of the services and benefits contradict the purpose of the MHPAEA and therefore, CIGNA's action in denying covered benefits constitutes a direct violation of the MHPAEA and is improper.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, L R, prays that this Honorable Court will enter judgment against Defendant, CIGNA HEALTH AND LIFE INSURANCE COMPANY, as follows:

a. For reasonable attorney's fees and costs of suit;
b. For all damages allowed under ERISA;
c. Declaring that CIGNA has breached the terms of Summary Plan description
d. Declaring that CIGNA has breached its fiduciary duties under ERISA;
e. Awarding pre-judgment and post-judgment interest; and
f. For such other and further relief as the Court deems just proper.

Dated this October 3, 2022.

Respectfully submitted,

**Your Insurance Attorney, PLLC**
Health and Medicine Law Firm Division
*Counsel for Plaintiff*
2601 S. Bayshore Drive, 18th Floor
Miami, FL 33133
Ph: 888-570-5677
Service email:
health@yourinsuranceattorney.com
Attorney email:
msanti@yourinsuranceattorney.com
xb@yourinsuranceattorney.com

By:  **/s/ Maria T. Santi**
     MARIA T. SANTI, ESQUIRE
     Florida Bar No.: 117564