UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**L. R.,**

        **Plaintiff,**

**v.**                                        **Case No: 6:22-cv-1819-RBD-DCI**

**CIGNA HEALTH AND LIFE
INSURANCE COMPANY,**

        **Defendant.**

---

## ORDER

This cause comes before the Court for consideration without oral argument on the following motion:

> **MOTION:** Plaintiff's Motion to Request Judicial Notice (Doc. 43)
>
> **FILED:** April 11, 2023
>
> ---
>
> **THEREON** it is **ORDERED** that the motion is **DENIED**.

Plaintiff initiated this action to seek review of a claim for benefits under section 502(a)(1)(B) of the Employee Retirement Income Security Act of 1974 (ERISA). Doc. 1. Plaintiff now moves for the Court to take Judicial Notice pursuant to Federal Rule of Evidence 201 of the following article: Patrick Rucker, Maya Miller, and David Armstrong, ProPublica, *How Cigna Saves Millions by Having Its Doctors Reject Claims Without Reading Them* (2023), https://www.propublica.org/article/cigna-pxdx-medical-health-insurance-rejection-claims. Doc. 43 (the Motion). The Motion is due to be denied as it is wholly insufficient.

Rule 201 permits a court to "judicially notice a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). "For example, the kinds of things about which courts ordinarily take judicial notice are (1) scientific facts: for instance, when does the sun rise or set; (2) matters of geography: for instance, what are the boundaries of a state; or (3) matters of political history: for instance, who was president in 1958." *Shahar v. Bowers*, 120 F.3d 211, 214 (11th Cir. 1997).

Here, Plaintiff's entire Motion is a recitation of authority regarding Rule 201 along with a conclusion that the internet article is "relevant to the facts and issues which are the subject of this proceeding." Doc. 43. Plaintiff does not discuss what those facts and issues are and does not otherwise explain how the facts—whatever they may be—are from a source whose accuracy cannot be reasonably questioned. While Plaintiff emphasizes in bold Rule 201(b)'s requirement regarding accuracy (Doc. 43 at 2), Plaintiff does not take the next step and identify the fact that is apparently not subject to reasonable dispute or ProPublica—the source of the article—in any manner. The court's authority to take judicial notice under Rule 201 is limited to notice of "adjudicative fact[s]" defined as "the facts of the particular case . . . 'which relate to the parties.'" *United States v. Falcon*, 957 F. Supp. 1572, 1584-85 (S.D. Fla. 1997), aff'd, 168 F.3d 505 (11th Cir. 1999). Since Plaintiff does not discuss the facts to be taken notice of, the Court cannot determine if they relate to the parties.

Further, Plaintiff's summary statement that the article is relevant adds nothing. A court may "refuse to take judicial notice of facts that are irrelevant to the proceeding[.]" *Falcon*, 957 F.Supp. at 1585; *see also Couch v. Broward Cty.*, 2012 WL 2007148, at *1 (S.D. Fla. June 5, 2012) ("[I]t is generally agreed that courts may take judicial notice of irrelevant facts[.]"). The Court

will not find that a fact is relevant and properly noticed simply because Plaintiff says so. The Motion contains literally no analysis of the facts as they apply to Rule 201. As such, there is no sufficient statement for the basis of the relief and, therefore, the Motion fails under Local Rule 3.01(a).

Further, Plaintiff's memorandum of law seems to reflect that Plaintiff may be requesting that the Court take judicial notice of the article so that Plaintiff may rely on statements within the article as established facts. *See* Doc. 43 at 2. To the extent Plaintiff seeks judicial notice for that purpose, Plaintiff is not entitled to relief.[1] "The Eleventh Circuit noted that a similar type of request was not within the permissible range of Rule 201." *Osterback v. Scott*, 2016 WL 11475136, at *2 (N.D. Fla. July 25, 2016) (citing *Bowers*, 120 F.3d at 216 n.5) ("We stress that we are not asked merely to take judicial notice of the fact that the media has reported 'X' or the fact that a press release says 'X.' We are asked to know 'X'"). "Courts may take judicial notice of newspaper articles 'for the limited purpose of' noting statements within the article, but 'not to determine the truth of matters asserted in the' article." *Id.* (quoting *Bryant v. Avado Brands, Inc.*, 187 F.3d 1271, 1287 n.10 (11th Cir. 1999); *U.S. ex rel. Osheroff v. Humana Inc.*, 776 F.3d 805, 815 (11th Cir. 2015)). Accordingly, to the extent Plaintiff seeks judicial notice of the ProPublica article to demonstrate established facts within the publication, the relief is not warranted. *See White v. City of Birmingham*, 96 F.Supp.3d 1260, 1269 (N.D. Ala. May 27, 2015) (granting a motion to take judicial notice of news articles but only as to the fact that the news articles were published and denying the "motion as to the *factual accuracy* of the news articles because the

---

[1] Plaintiff cites to *Bryant* and appears to recognize that judicial notice is improper for determining the truth of the statements in the article. Doc. 43 at 2-3. However, the Motion does not adequately apply the facts to the law and includes only a conclusory statement for relief so it is not entirely clear how far the request for judicial notice reaches.

'facts' printed in the news articles are still subject to reasonable dispute") (emphasis in the original) (citing *Bowers*, 120 F.3d at 214 ("[Movant] has shown us no case—and we have found none—where a federal court of appeals took judicial notice of the unofficial conduct of one person based upon newspaper accounts. . . about that conduct."); *Cofield v. Ala. Public Serv. Com.*, 936 F.2d 512 (11th Cir 1991) ("That a statement of fact appears in a daily newspaper does not of itself establish that the stated fact is 'capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned.'") (quoting Fed. R. Evid. 201(b)(2)).

Finally, even a cursory review of the ProPublica article shows that it presents matters of opinion and does not seem to state the kinds of things courts ordinarily take judicial notice of, such as matters of scientific fact, geography, or political history. In fact, business websites "generally are not the sorts of 'sources whose accuracy cannot reasonably be questioned[.]'" *Estrella v. Ltd. Fin. Servs.*, LP, 2015 WL 6742062, at *2 n.4 (M.D. Fla. Nov. 2, 2015) (citation omitted). "Indeed, '[o]ne court has gone so far as to describe information available from private Internet websites as no[t] remotely akin to the type of facts which may be appropriately judicially notice.'" *Daniels v. Howe Law Firm, P.C.*, 2016 WL 11581822 (N.D. Ga. May 17, 2016) (quoting *Gerritsen v. Warner Bros. Entm't Inc.*, 112 F. Supp. 3d 1011, 1030 (C.D. Cal. 2015)). Accordingly, without more, the Court finds that Plaintiff is not entitled to the requested relief.

Based on the foregoing, Plaintiff's Motion (Doc. 43) is **DENIED**.

**ORDERED** in Orlando, Florida on May 16, 2023.

DANIEL C. IRICK
UNITED STATES MAGISTRATE JUDGE