**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**L. R.,**

               **Plaintiff,**

**v.**                                             **Case No: 6:22-cv-1819-RBD-DCI**

**CIGNA HEALTH AND LIFE**
**INSURANCE COMPANY,**

               **Defendant.**

**ORDER**

This cause comes before the Court for consideration without oral argument on the following motion:

| | |
|---|---|
| **MOTION:** | **Plaintiff's Motion to Proceed with Initials in Response to Order to Show Cause (Doc. 44)** |
| **FILED:** | **April 11, 2023** |

**THEREON** it is **ORDERED** that the motion is **DENIED**.

**I.**      **Background and Procedural History**

L.R. (Plaintiff) initiated this case against Cigna Health and Life Insurance Company (Defendant) for alleged violations of the Employment Retirement Income Security Act (ERISA) and the Mental Health Parity and Addiction Equity Act (the Parity Act). Doc. 1. The Court granted Defendant's initial motion to dismiss but allowed Plaintiff to amend. Docs. 39, 40. Plaintiff filed an Amended Complaint and reiterated that Defendant violated ERISA (Count I) and the Parity Act (Count II). Doc. 40.

According to the Amended Complaint, Plaintiff alleges that she is covered by a health insurance plan issued by her employer and administered by Defendant. Plaintiff states that she

was admitted to a residential facility for mental health services and remained there until August 2021. Defendant denied coverage for Plaintiff's July 29, 2021 residential services because Defendant determined that residential treatment was no longer necessary. Plaintiff, therefore, sues Defendant for violating ERISA and the Parity Act. By Order dated June 26, 2023, the Court granted Defendant's second motion to dismiss the Parity Act claim. Doc. 67. Defendant argued that Plaintiff still failed to allege a limitation or criteria that is more restrictive for mental health treatment than an analogous medical/surgical treatment, and the Court agreed. *Id*. at 2-5. As such, the Court dismissed Count II of the Amended Compliant with prejudice and permitted Plaintiff to continue with Count I. *Id*. at 5.

What remains is Plaintiff's allegation that Defendant violated ERISA because it failed to make full payment of the benefits to Plaintiff although she had a condition for which she sought services covered under the insurance policy. Doc. 40 at 8. Plaintiff claims that Defendant failed to provide Plaintiff with all rights under the terms of the plan, failed to make clear all rights she is entitled to under the plan, and violated the law by interpreting "ERISA plan terms in a way systematically arbitrary and capricious," resulting in damages. *Id*.

In both the original and amended pleadings, Plaintiff is identified as "L.R." Docs. 1, 40. Plaintiff, however, did not seek the Court's permission to proceed in this litigation under her initials. As such, the Court directed Plaintiff to show cause why the Court should permit Plaintiff to proceed in this litigation as "L.R" or, alternatively, file an amended pleading containing Plaintiff's name. Doc. 41. In response, Plaintiff has filed a Motion to Proceed with Initials (the Motion). Doc. 44. Defendant has not filed a response, and Plaintiff states in the Local Rule 3.01(g) certification that Defendant will not object or consent to the requested relief. *Id*. at 8. The Court will consider Plaintiff's request on its merits though there is no opposition on the record.

## II.     Standard

With respect to proceeding anonymously or pseudonymously,[1] the Eleventh Circuit summarized the relevant legal principles in *Doe v. Neverson*:

> Federal Rule of Civil Procedure 10(a) requires that "every pleading" in federal court "must name all the parties." Fed. R. Civ. P. 10(a). Although this creates a "strong presumption in favor of parties proceeding in their own names . . . the rule is not absolute." [*Plaintiff B v. Francis*, 631 F.3d 1310, 1315 (11th Cir. 2011)]. A party may proceed anonymously by establishing "a substantial privacy right which outweighs the 'customary and constitutionally-embedded presumption of openness in judicial proceedings.'" *Doe v. Frank*, 951 F.2d 320, 323 (11th Cir. 1992) (quoting *Doe v. Stegall*, 653 F.2d 180, 186 (5th Cir. 1981)).
>
> Whether a party's right to privacy outweighs the presumption of openness is a "totality-of-the-circumstances question." *In re Chiquita Brands Int'l Inc.*, 965 F.3d 1238, 1247 n.5 (11th Cir. July 16, 2020). We have said that the "first step" is to consider whether the party seeking anonymity "(1) is challenging government activity; (2) would be compelled, absent anonymity, to disclose information of the utmost intimacy; or (3) would be compelled, absent anonymity, to admit an intent to engage in illegal conduct and thus risk criminal prosecution." *Id*. at 1247. Along with these factors, a court "should carefully review *all* the circumstances of a given case and then decide whether the customary practice of disclosing the plaintiff's identity should yield to the plaintiff's privacy concerns." *Id*. (quoting Francis, 631 F.3d at 1316). For example, we have also considered "whether the plaintiffs were minors, whether they were threatened with violence or physical harm by proceeding in their own names, and whether their anonymity posed a unique threat of fundamental unfairness to the defendant." *Francis*, 631 F.3d at 1316 (citations omitted).

820 F. App'x 984, 986-87 (11th Cir. 2020); *see also In re Chiquita Brands Int'l, Inc.*, 965 F.3d 1238, 1246-48 (11th Cir. 2020) (finding that "[p]arties may use 'fictitious name[s]' only in 'exceptional case[s].") (quoting *Frank*, 951 F.3d at 323).

---

[1] *See S.Y. v. Choice Hotels Int'l, Inc.*, 2021 WL 4822598, at *15 n. 4 (M.D. Fla. June 11, 2011), *report and recommendation adopted in part by* 2021 WL 4167677 (M.D. Fla. Sept. 14, 2021), (stating that since the plaintiff sought to use her initials as a pseudonym in lieu of disclosing her full name in the public record, the term "pseudonymously" instead of "anonymously" more accurately described the requested relief).

### III. Discussion

Plaintiff's position in support of her request is two-fold: (1) Plaintiff's privacy allegedly outweighs the presumption of openness; and (2) Plaintiff's information purportedly is protected under HIPAA. Specifically, Plaintiff seeks permission to proceed under her initials because this matter involves a denial of benefits based on a partial hospitalization for mental health services. Doc. 44 at 1. Plaintiff contends that the information at issue is sensitive and "subject to a high level of confidentiality under applicable confidentiality laws." *Id*. Plaintiff argues that the Court should allow her to continue in this litigation anonymously because "there is information related to sensitive health information that may be disclosed in the proceeding, requiring the heightened protection of privacy under the Florida Constitution and sufficient to meet the delineated exceptions in Federal law." Doc. 44 at 3. In particular, Plaintiff states that the administrative record and other information includes her diagnosis, psychotherapy notes, mental health history, and intimate details related to her mental health. *Id*.

Plaintiff argues that her privacy outweighs the presumption of openness as the information is of the utmost intimacy and if disclosed can unnecessarily cause embarrassment. *Id*. at 4-5. Plaintiff states that the information is "also tainted by social stigma" and the disclosure "can also cause triggering effects which can subject the Plaintiff to negative health consequences, both mentally and physically, because an onset of symptoms would make her progress backwards." *Id*. at 5. Plaintiff also explains that Defendant is aware of Plaintiff's identity and, therefore, there is no fundamental unfairness to Defendant. *Id*. Plaintiff states the public has no need to obtain Plaintiff's information. *Id*.

Plaintiff adds that HIPAA protects the information at issue, and she claims that both state and federal laws restrict disclosure concerning identity, diagnosis, and prognosis. *Id*. at 5-6.

Plaintiff asserts that a patient's authorization is required prior to disclosure of medical records and psychotherapy notes and such notes are treated differently from other mental health information because of the sensitive nature. *Id*. at 7. Plaintiff states that she "does not authorize the use of PHI by [Defendant] in a manner where her PHI would be placed in the public record, in particular highly sensitive medical notes." *Id*.

Based on the foregoing, Plaintiff's privacy argument is primarily based on the "utmost intimacy" factor discussed in *Neverson*. Plaintiff does not contend that the litigation could result in her being compelled to admit to an intent to engage in illegal conduct nor is Plaintiff alleged to be a minor. Plaintiff is not challenging government activity and does not allege that there is a threat of violence if she proceeds under her name. Instead, it is Plaintiff's assertion that the potential for disclosure of the sensitive and protected information outweighs the presumption of openness in judicial proceedings. As one court explained, however, "[t]he second factor of the [] analysis, which focuses on the disclosure of a plaintiff's intimate details, has historically yielded a confined application." *Doe v. Austin*, 2022 WL 2116797, at *3 (M.D. Fla. June 10, 2022).

As an initial matter, the fact that Plaintiff's case relates to her medical history does not *per se* mean that anonymity is appropriate. In general, "the fact that a case involves a medical issue is not a sufficient reason for allowing the use of a fictitious name, even though many people are understandably secretive about their medical problems." *Benjamin K. v. United Healthcare Servs.*, 2021 WL 2916711 (M.D. Fla. Jan. 15, 2021) (quoting *Doe v. Blue Cross & Blue Shield United of Wis.*, 112 F.3d 869, 872 (7th Cir. 1997); *see also Roe v. Aware Woman Ctr. for Choice, Inc.*, 253 F.3d 678, 690 (11th Cir. 2001) ("[A] medical issue which, although sensitive and private, 'is not such a badge of infamy or humiliation in the modern world that its presence should be an automatic ground for concealing the identify of a party to a federal suit.'") (quoting *Doe.*, 112 F.3d at 872).

Plaintiff's denial of medical benefits claim is not necessarily a sensitive topic. In the claim that remains in this case, Plaintiff alleges that Defendant failed to pay, failed to make clear her rights, and improperly interpreted the plan pursuant to ERISA. Doc. 40. Such a claim is common in healthcare litigation and, while it may involve a medical condition, it is at its foundation simply a coverage and healthcare plan issue generally subject to public access. *See L.L. v. Medcost Ben. Serv.*, 2023 WL 4393748, at *2-3 (W.D.N.C. July 5, 2023) (finding that even though the plaintiff sought coverage for mental health treatment, at its core, the allegation was the denial of benefits under the plan and "[c]ourts routinely deny requests to proceed anonymously when a plaintiff's purported reason for the request is to protect information about her mental health.") (citations omitted); *see also GEICO Gen. Ins. Co. v. M.O.*, 2021 U.S. Dist. LEXIS 192664, at *20 (D. Kan. Oct. 4, 2021) (rejecting the defendants' attempt to characterize the nature of the case as one involving personal and intimate details of a sexual relationship when it was actually an insurance coverage dispute). Thus, the mere fact that the case involves underlying facts related to Plaintiff's medical history does not alone support anonymity.

Even so, Plaintiff's argument seems to go beyond a general opposition to the disclosure of medical information as she expresses a genuine concern that the revelation of her information will negatively impact her livelihood and cause embarrassment. But the Court is not convinced that the sensitive information at issue will be publicized in this case. The alleged inevitability of such disclosure is speculative. With respect to the information that Plaintiff lists as problematic—diagnosis, psychotherapy notes, mental health history, and "other intimate information related to her mental health"—Plaintiff states that the sensitive information "*may* be disclosed in the proceeding. . .." Doc. 44 at 3 (emphasis added). The Court understands that this type of information has the potential to cause embarrassment, and it is intimate. But Plaintiff's statement about what might happen does not persuade the Court that her interests outweigh the need for public access to proceedings. *See Alexandra H. v. Oxford Health Ins., Inc.*, 2012 WL 13194938, at *2-3 (S.D. Fla. Feb. 10, 2012) (denying without

prejudice motion to proceed anonymously under pseudonym because the motion was based on conjecture that the plaintiff would harm herself if her name was publicly disclosed and her statement was not supported by evidence). The same goes for Plaintiff's HIPPA argument. Plaintiff states that Defendant is subject to HIPAA and "using her name would be a violation of HIPAA *in the event* that Defendant refers to protected information during the proceeding." Doc. 44 at 8 (emphasis added). Again, Plaintiff's argument is based on an event that may not occur and does not persuade the Court that the presumption of openness is outweighed.

The Court does not take lightly Plaintiff's concern regarding the disclosure of protected medical information. When faced with similar arguments offered in support of a request to proceed anonymously, however, courts have found that the information can be alternatively sealed, redacted, or subjected to a protective order. *See, e.g.*, *Doe v. Austin*, 2021 WL 10395929, at *2 (N.D. Fla. Dec. 1, 2021) (denying motion for leave to proceed anonymously finding that "it is not enough to assert that the plaintiffs' medical histories might be at issue" and "to the extent there are sensitive medical records or information that becomes relevant, privacy interests can be addressed through a protective order); *Medcost*, 2023 WL 4393748, at *2-3 (W.D.N.C. July 5, 2023) (denying the plaintiff's motion to proceed anonymously and finding that to the extent more detailed information about the plaintiff's mental health must be considered during the proceeding, the personal information can be redacted, and the record can be filed under seal if appropriate); *Doe v. City of Univ. of N.Y.*, 2021 WL 5644642, at *6 (S.D.N.Y. Dec. 1, 2021) (denying motion to proceed under a pseudonym and finding that "should a need for confidentiality arise, . . . there are alternative methods to protect the confidentiality of the plaintiff's information."). The mere fact that HIPAA or Florida protection laws *might* be implicated does not convince the Court that anonymity is appropriate here.

In sum, while Defendant does not oppose the motion—a factor that may weigh in favor of anonymity because there is no argument of fundamental unfairness to Defendant—the Court is not inclined to grant Plaintiff's request based on the arguments presented in the Motion. To do so would

seem to support a proposition that all plaintiffs in ERISA cases involving mental health can proceed anonymously. That type of blanket rule is inappropriate given the directive to consider all the circumstances in each case. *See Neverson*, 820 F. App'x at 986.

The other factors addressed in *Neverson* are not applicable. And it appears that Plaintiff's concern regarding the potential disclosure for information is based in part on conjecture and that there are alternative methods to protect sensitive information. So, the Court finds that relief is not warranted. Plaintiff's argument that disclosure may embarrass Plaintiff and there may be a social stigma associated with mental illness is well-taken, but the Court will not grant relief simply because mental illness is an underlying issue. To be clear, the Court is aware that certain cases involving mental illness or matters of "utmost intimacy" may support the type of relief at issue,[2] but the totality of the circumstances as Plaintiff presents them in the Motion do not warrant relief.

### VI. Conclusion

Based on the foregoing, it is **ORDERED** that:

1. Plaintiff's Motion (Doc. 44) is **DENIED**; and

2. **on or before July 30, 2023**, Plaintiff shall file a Second Amended Complaint in accordance with this Order.

**ORDERED** in Orlando, Florida on July 11, 2023.

DANIEL C. IRICK
UNITED STATES MAGISTRATE JUDGE

---

[2] The Eleventh Circuit explained that "while mere embarrassment does not justify proceeding anonymously; a showing of 'social stigma' may be 'sufficient to warrant proceeding anonymously.'" *Doe v. Predator Catchers, Inc.*, 343 F.R.D. 633, 637 (M.D. Fla. 2023) (quoting *Neverson*, 820 F. App'x at 988 (citing *Frank*, 951 F.2d at 324)).